```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NANCY LOPEZ,                                    :
                                                :       24 Civ. 1923 (AT) (GS)
                        Plaintiff,              :
                                                :              ORDER
        - against -                              :
                                                :
NEUTRON HOLDINGS INC. d/b/a LIME,               :
                                                :
                        Defendant.              :
-------------------------------------------------------------X
```

**GARY STEIN, United States Magistrate Judge:**

Pursuant to the Court's Order of February 5, 2025 (Dkt. No. 26), the parties submitted a joint letter on February 11, 2025 (the "February 11 Letter") containing their respective positions on whether Plaintiff should be allowed discovery as to similar claims arising from acceleration issues involving scooters of the same make, model, and year as the scooter involved in Plaintiff's accident. (Dkt. No. 27). Having considered the parties' submission, the Court finds that the requested discovery is relevant and proportionate to the claims in this case and, accordingly, **GRANTS** Plaintiff's request as provided herein.

Defendant's objection to the requested discovery centers on its contention that, during her deposition testimony, Plaintiff did not identify any acceleration issues. (Dkt. No. 3-4). Based on its reading of the deposition testimony attached to the parties' submission, the Court cannot agree. At her deposition, Plaintiff was asked directly what caused the accident and gave the following answer:

> Q. I think we got up to the actual point of the accident. Could you tell me what happened that caused you to be thrown off the scooter or fall to the ground?

> . . . .
>
> A. *The scooter was moving really fast, faster than usual*. When I broke it took a while to brake. And then once it finally broke, I pressed on the brake and then that's when it caused me to fly off the scooter.

(Dkt. No. 27-1 Tr. 76:18-77:9; emphasis added).

Plaintiff thus specifically identified the scooter's speed as a contributing cause of the accident. Further, when asked previously in the deposition whether she noticed "any defects or things that were not functioning properly" with the scooter when she was riding it on a different leg of her journey shortly before the accident, Plaintiff testified that "[t]he only thing was it was just fast," meaning "faster than the scooter [she] had previously ridden." (*Id*. Tr. 59:8-25).

It is true, as Defendant notes, that Plaintiff did not make a claim of "sudden acceleration," *i.e.*, that the scooter inexplicably increased speed *while* she was riding it. (Dkt. No. 27 at 3-4). Nonetheless, she clearly testified that the scooter was moving "faster than usual" and that this was a defect or malfunction that (in addition to the braking issue) contributed to the accident. Plaintiff therefore is entitled to discovery of similar claims involving speed issues of the type she identified in her deposition involving scooters of the same make, model, and year. *See, e.g.*, *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 166 (S.D.N.Y. 2011) ("a court may allow discovery of similar accidents provided that the circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is relevant to the circumstances of the instant case") (citation omitted).

The February 11 Letter also reports that the parties have met and conferred with regard to other potential discovery issues raised by Plaintiff's counsel during

2

the February 4 conference with the Court and that they have reached an accord on these issues, obviating the need for judicial intervention. (Dkt. No. 27 at 4). The Court appreciates the parties' efforts to resolve these issues amicably.

Finally, the parties jointly propose the following extended deadlines for discovery in this case:

- All parties to respond to all outstanding discovery demands and Defendant to produce additional document production by **March 11, 2025**;

- Fact discovery, including depositions, to be completed by **April 11, 2025**;

- Expert discovery to be completed by **June 11, 2025**.

The proposed dates are acceptable to the Court and, consequently, the Scheduling Order in this action is hereby modified to incorporate these new deadlines.

**SO ORDERED.**

DATED:   New York, New York
         February 13, 2025

_____
GARY STEIN
United States Magistrate Judge